David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Martin Schannong (SBN 243297)
schannongm@cmtlaw.com
CARLSON & MESSER LLP
5901 West Century Boulevard, Suite 1200
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
EDUCATIONAL CREDIT MANAGEMENT CORPORATION

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIR NEMATULLAH SADAT, | CASE NO. 3:18-cv-01357-AJB-KSC |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | Date: September 6, 2018 Time: 2:00 p.m. Judge: Hon. Anthony J. Battaglia Courtroom: 4A |
| Defendant. | |

PLEASE TAKE NOTICE that on September 6, 2018, at 2:00 p.m., or as soon thereafter as this matter may be heard in Courtroom 4A of the above-entitled Court, located at 221 West Broadway, San Diego, CA 92101, Defendant EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("Defendant" or "ECMC") will move to dismiss the Complaint of Plaintiff MIR NEMATULLAH SADAT ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that it fails to state a claim upon which relief can be granted.

Plaintiff's Complaint fails to state a claim against ECMC for at least three separate reasons:

1.     Claim preclusion (res judicata).   Plaintiff has filed two previous actions against ECMC with virtually identical, baseless allegations that ECMC supposedly violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").   The first prior action was voluntarily dismissed by Plaintiff without prejudice.   The second prior action was litigated for approximately 1½ years, at significant burden and expense to ECMC in the form of defense fees that could not be recouped, with the final outcome being an involuntarily dismissal against Plaintiff with prejudice.   By way of the instant lawsuit against ECMC, Plaintiff is trying to re-litigate the same false claim for a *third* time.   He is not allowed to do so, on res judicata principles.

2.     Statute of limitations.   This action is time-barred, in any event.   FCRA actions must be filed no later than two years after the date of discovery by the Plaintiff of the violation.   In both previous actions, Plaintiff alleged that the purported FCRA violation started on January 1, 2016.   However, the instant action was not filed until May 1, 2018, i.e. more than two years later.

3.     Lack of a private right of action.   Plaintiff's FCRA claim is based on an allegation that ECMC "has inaccurately reported derogatory information on my credit file with the major credit bureaus."   However, under the FCRA, there is no private right of action for such a claim.

Therefore, this frivolous action demonstrably lacks merit for three separate reasons, even at the pleading stage, and should be dismissed with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

{00094859;1}
09459.00

This Motion is based on this Notice, the Memorandum of Points and Authorities set forth below, the Request for Judicial Notice filed concurrently herewith and its exhibits, all papers and pleadings on file, and on such further oral and documentary evidence that may be offered at the Motion hearing.

DATED:  June 27, 2018                    CARLSON & MESSER LLP


                              By:    s/David J. Kaminski
                                     David J. Kaminski
                                     Martin Schannong
                                     Attorneys for Defendant
                                     EDUCATIONAL CREDIT
                                     MANAGEMENT CORPORATION

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff has harassed ECMC from coast to coast with his frivolous FCRA claim for over two years.  His first action alleging this claim was filed in San Diego Superior Court in 2016.  Following its dismissal without prejudice, Plaintiff re-filed the same claim in the Superior Court of the District of Columbia later that year.  The D.C. action concluded in a dismissal with prejudice in January 2018, which *should* have been the end of the matter.

However, Plaintiff has now apparently returned to San Diego and has re-filed the same baseless FCRA claim for a third time.  Plaintiff alleges, once more, that ECMC "has inaccurately reported derogatory information on my credit file with the major credit bureaus."  This claim is false, and the instant case amounts to malicious prosecution.  It should be dismissed with prejudice (again), because:

1. Plaintiff's claim is barred by claim preclusion (res judicata).

2. Plaintiff's claim is barred by the statute of limitations.

3. Plaintiff has no private right of action under the FCRA.

## II.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) allows a Court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted.  (*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).)  The Court may dismiss a complaint as a matter of law for: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim."  (*SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted).)

A complaint survives a motion to dismiss only if it contains "enough facts to state a claim to relief that is plausible on its face."  (*Bell Atl. Corp. v. Twombly*,

1  550 U.S. 544, 570 (2007).  The Court need not accept legal conclusions as true.
2  (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It is also improper for the Court to
3  assume "the [plaintiff] can prove facts that [he or she] has not alleged . . ."
4  (*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459
5  U.S. 519, 526 (1983).)

### III.

### ARGUMENT

**A.**   **Plaintiff's Complaint Is Barred by Claim Preclusion (Res Judicata)**

Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action.  (*Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).)  Res judicata applies when there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties."  (*Id.*)

Plaintiff seeks damages against ECMC pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").  (Complaint, ECF No. 1-2, at p. 2, item 3.)  However, Plaintiff has filed *two* previous actions against ECMC with virtually identical allegations.  All three elements of res judicata are present.

•   ***Identity of Claims***

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts."  (*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001).)  This does not mean that the causes of action must be identical.  (*Id.*)  Because, "it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies."  (*Crabbe v. National Self Service Storage*, 955 F. Supp. 2d 1, 3 (D.D.C. 2013).)

/ / /

Plaintiff's *first* action against ECMC was filed in San Diego Superior Court on May 23, 2016, Case No. 37-2016-00336358-SC-SC-CTL. (May 23, 2016 Complaint, Request for Judicial Notice, Ex. 1.) Just as in the instant case, Plaintiff alleged "[v]iolation of Fair Credit Reporting Act." (*Id.*, p. 2, item 3. Plaintiff voluntarily dismissed this action without prejudice on August 16, 2016. (Docket Sheet, Request for Judicial Notice, Ex. 2.)

Plaintiff's *second* action against ECMC was filed in the Superior Court of the District of Columbia (Washington, D.C.) on September 8, 2016, Case No. 2016 SC2 003719. (September 8, 2016 Complaint, Request for Judicial Notice, Ex. 3.) In that case, Plaintiff alleged that ECMC violated "the state equivalent of the federal Fair Credit Reporting Act." (*Id.*, p. 1.) Plaintiff further alleged that ECMC "inaccurately reported false information on my credit file." (*Id.*) This allegation is nearly verbatim-identical to Plaintiff's allegations in the instant case.

A trial on the merits in the second action was held on November 10, 2016, resulting in a judgment for ECMC. (Docket Sheet, Request for Judicial Notice, Ex. 7.) Plaintiff then successfully applied for judicial review, and the November 10, 2016 judgment was vacated. (March 10, 2017 Order, Request for Judicial Notice, Ex. 4.) When Plaintiff failed to appear for a status hearing on March 31, 2017, the case was dismissed without prejudice. (March 31, 2017 Order, Request for Judicial Notice, Ex. 5.) Plaintiff then filed a motion to reinstate the dismissed case, which was granted by the Court on April 24, 2017. (Docket Sheet, Request for Judicial Notice, Ex. 7.) A new trial was initially scheduled for August 21, 2017, and subsequently continued to January 16, 2018. (*Id.*) Plaintiff then failed to appear for the January 16, 2018 trial, and this time the case was dismissed with prejudice for want of prosecution. (January 16, 2018 Order, Request for Judicial Notice, Ex. 6.)

Plaintiff's allegations in his two previous actions against ECMC clearly arose out of the same transactional nucleus of facts as Plaintiff's allegations in the

instant case.    The claims in all three cases are based on virtually identical allegations of inaccurate credit reporting.    The fact that Plaintiff's second action technically alleged violation of "the state equivalent" of the FCRA is irrelevant, because Plaintiff *could have* pled an FCRA claim in that case; attempted to assert such a claim at hearings; and was in fact given an opportunity to do so by the Court:    "[W]hether the plaintiff is entitled to relief in this Court under the Fair Credit Reporting Act may be addressed by the trial judge on remand."    (March 10, 2017 Order, p. 3, Request for Judicial Notice, Ex. 4.)    But regardless, the rules of res judicata *do not* permit Plaintiff "to proceed to judgment in state court on [his] state claims and then turn to federal court for adjudication of [his] federal claims." (*Migra v. Warren City School District Board of Education*, 465 U.S. 75, 85 (1984).)

The first element for claim preclusion (identity of claims) is thus satisfied.

• ***Final Judgment on the Merits***

As set forth above, the final outcome of Plaintiff's previous action litigated in Washington, D.C. was a dismissal *with prejudice* for want of prosecution. (January 16, 2018 Order, Request for Judicial Notice, Ex. 6.)

The Ninth Circuit has confirmed that a dismissal with prejudice for want of prosecution is a "final judgment on the merits" pursuant to the doctrine of res judicata:    "Appellants also challenge the district court's conclusion that the dismissal of their prior action was 'an adjudication on the merits.'    This argument fails because the prior action was dismissed with prejudice 'based upon plaintiffs' failure to prosecute.'    Unless otherwise specified, such a dismissal 'operates as an adjudication upon the merits.'    Fed.R.Civ.P. 41(b)."    (*Owens*, 244 F.3d at 714; see also *Stewart*, 297 F.3d at 956.)

To the extent the question of whether the dismissal is a "final judgment on the merits" is to be determined by D.C. law, the result is the same:    "An order dismissing a claim for failure to prosecute must specify that the dismissal is

without prejudice, unless the court determines that the delay in prosecution of the claim has resulted in prejudice to an opposing party.  Unless the dismissal order states otherwise or as provided elsewhere in these rules, a dismissal by the court -- except a dismissal for lack of jurisdiction or for failure to join a party under Rule 19 -- *operates as an adjudication on the merits*."  (D.C. Super. Ct. R. Civ. P. 41(b)(1)(B), emphasis added.)

Moreover, the applicable case law confirms that D.C.'s Superior Court Civil Rule 41 is "substantially identical" to the corresponding federal rule and is "to be construed in light of the meaning of that federal rule."  (*Dorchester House Assocs. Ltd. P'ship v. D.C. Rental Hous. Comm'n*, 913 A.2d 1260, 1265 (D.C. 2006), citing *Waters v. Castillo*, 755 A.2d 478, 481 (D.C. 2000) and *Taylor v. Washington Hosp. Ctr.*, 407 A.2d 585, 590 n. 4 (D.C.1979).)

Accordingly, the second element of claim preclusion has also been met.

- • ***Identity or Privity Between Parties***

The two prior actions filed by Plaintiff, as well as the instant action, involve identical parties:  Plaintiff and ECMC.  (Request for Judicial Notice, Ex. 1, 3.) The third and final element of claim preclusion is therefore also satisfied.

Plaintiff's abusive and malicious harassment of ECMC via the legal system must stop.  This action should be dismissed on grounds of res judicata.

## B.  Plaintiff's Complaint Is Barred by the Statute of Limitations

Even if Plaintiff could somehow avoid the res judicata bar, the instant action is barred by the statute of limitations.

In this regard, an action for alleged violation of the FCRA must be brought not later than the earlier of 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or 5 years after the date on which the violation that is the basis for such liability occurs.  (15 U.S.C. § 1681p.)

Here, Plaintiff alleged in his first lawsuit against ECMC that the alleged FCRA violation started on January 1, 2016.  (May 23, 2016 Complaint, Request

for Judicial Notice, Ex. 1, at p. 2, item 3.)  Plaintiff alleged that the inaccurate credit reporting began on January 1, 2016 in his second lawsuit as well. (September 8, 2016 Complaint, Request for Judicial Notice, Ex. 3, at p. 1.) Plaintiff has not alleged any delayed discovery, and the instant action was filed on May 1, 2018. (Complaint, ECF No. 1-2.)  Consequently, Plaintiff's FCRA claim is barred by the applicable two-year statute of limitations.

**C.    There Is No Private Right of Action for Plaintiff's Claims under the Fair Credit Reporting Act**

As discussed, Plaintiff seeks damages against ECMC under the FCRA. (Complaint, ECF No. 1-2, at p. 2, item 3.)

Specifically, Plaintiff alleges that ECMC "has inaccurately reported derogatory information on my credit file with the major credit bureaus." (*Id.*)

As explained by the Ninth Circuit, "the FCRA imposes some duties on the sources that provide credit information to [credit reporting agencies], called 'furnishers' in the statute." (*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).)  The duty of a furnisher to provide accurate information to the credit reporting agencies is set out in Section 1681s-2(a) of the FCRA. (*Id.* at 1154; see also 15 U.S.C. § 1681s-2(a).)

However, the "[d]uties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." (*Gorman*, 584 F.3d at 1154.)

"It is the law in the Ninth Circuit that based on the plain language of the statute, individuals may not pursue claims against furnishers of information based on a violation of section 1681s-2(a)." (*Personius v. Specialized Loan Servicing LLC*, 2017 WL 6942649, at *4 (C.D. Cal. Nov. 22, 2017).)

"This limitation on liability and enforcement is reinforced by subsection (d) of § 1681s-2, which provides that subsection (a) 'shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section.'  Consequently, private enforcement under §§

1681n & o is excluded." (*Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002).)

Accordingly, Plaintiff has no private right of action to allege a claim that ECMC inaccurately reported derogatory information to the credit bureaus.

## IV.

## **CONCLUSION**

Plaintiff's malicious conduct has already cost ECMC many thousands of dollars in defense fees. His FCRA claim is false and frivolous, and barred by res judicata as well as the statute of limitations. Plaintiff also lacks a private right of action. For all of the foregoing reasons, ECMC respectfully requests that this Motion be granted, and that this action be dismissed with prejudice.

DATED: June 27, 2018               CARLSON & MESSER LLP


                                   By:     s/David J. Kaminski
                                           David J. Kaminski
                                           Martin Schannong
                                           Attorneys for Defendant
                                           EDUCATIONAL CREDIT
                                           MANAGEMENT CORPORATION

<b><u>CERTIFICATE OF SERVICE</u></b>

I hereby certify that on June 27, 2018, a true and correct copy of the foregoing document entitled NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES was filed through the ECF system, which will send notification of such filing via US Mail as follows:

Mir Nematullah Sadat
9431 Gold Coast Drive, #F6
San Diego, CA 92126

DATED:  June 27, 2018                    CARLSON & MESSER LLP

                                          By:    s/David J. Kaminski
                                                Charles R. Messer
                                                David J. Kaminski
                                                Martin Schannong
                                                Attorneys for Defendant
                                                EDUCATIONAL CREDIT
                                                MANAGEMENT CORPORATION