UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIR NEMATULLAH SADAT,<br><br>         Plaintiff,<br><br>v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>         Defendant. | Case No.: 18cv1357-AJB-KSC<br><br>**ORDER REQUESTING PLAINTIFF TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

   Presently before the Court is Defendant Education Credit Management Corporation's ("Defendant") motion to dismiss Plaintiff Mir Nematullah Sadat's ("Plaintiff") complaint. (Doc. No. 3.) Plaintiff did not file an opposition to Defendant's motion. For the reasons stated more fully below, the Court **REQUESTS** that Plaintiff file an Opposition to Defendant's motions to dismiss.

## **FACTS ALLEGED IN THE COMPLAINT**

   On June 20, 2018, Defendant removed Plaintiff's complaint from the Superior Court of the State of California to this Court based on federal question jurisdiction. (Doc. No. 1 at 1–2.) Plaintiff alleges a violation of the Fair Credit Reporting Act. (Doc. No. 1-2 at 3.)

   Plaintiff's complaint is quite short. Plaintiff simply alleges that Defendant inaccurately reported derogatory information on Plaintiff's credit file with major credit

bureaus. (*Id.*) Plaintiff's complaint was removed to this Court on June 20, 2018. (Doc. No. 1.) On June 27, 2018, Defendant filed a motion to dismiss. (Doc. No. 3.) The Court set a briefing schedule. (Doc. No. 5.) As of the date of this Order, Plaintiff has failed to file an Opposition to Defendant's motions to dismiss.

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.,* 88 F.3d 780, 783 (9th Cir. 1996) (citations omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,* 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

/ / /
/ / /
/ / /
/ / /
/ / /

2

18cv1357-AJB-KSC

## **DISCUSSION**

As a threshold matter, before the Court may address the merits of Defendant's motions to dismiss, the Court must first turn to Plaintiff's failure to file a timely opposition to Defendant's motions. Pursuant to the Civil Local Rules, "[u]nless otherwise provided by rule or court order, a party opposing a motion, or other request for ruling by the court must file a written opposition . . . ." S.D. CivLR 7.1.f.3.a. Moreover, the local rules also state that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court." S.D. CivLR 7.1.f.3.c. Plaintiff's Opposition to the motion was due on July 12, 2018. (Doc. No. 5.) As of the date of this Order, Plaintiff has not filed an Opposition, or a statement of non-opposition to Defendant's motion to dismiss.

The Court notes that it appreciates that Plaintiff is litigating this action *pro se*. However, despite construing pleadings liberally in their favor, *pro se* litigants are still bound by the rules of procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) *overruled on other grounds by Lacey v. Maricopa Cnty.*, 814 F.2d 565 (9th Cir. 1987). Here, Plaintiff did not follow the briefing schedule set by this Court.

Consequently, as Plaintiff has failed to file an Opposition, pursuant to the local rules and precedent from this circuit, the Court may dismiss this action. *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) (holding that failure to follow a district court's local rules is a proper ground for dismissal); *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (affirming dismissal where plaintiff failed to file an opposition to a motion to dismiss and Rule 41(b) factors weighed in favor of dismissal); *McGruder v. Evans*, No. CIV S-07-1033 MCE EFB P, 2007 WL 2947565, at *1 (E.D. Cal. Oct. 9, 2007) (holding that plaintiff's failure to file an opposition to a motion to dismiss may allow the court to recommend that the action be dismissed with or without prejudice).

///
///
///

## CONCLUSION

Before recommending that the present matter be dismissed, the Court orders that within **fourteen (14) days** of the date of this Order, Plaintiff must file either an Opposition to Defendant's motion to dismiss or a statement of non-opposition. If Plaintiff files an Opposition, Defendant will have **seven (7) days** from the date of Plaintiff's Opposition to file a Reply brief. Failure to comply with this Order will result in a recommendation that this action be dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: January 17, 2019

Hon. Anthony J. Battaglia
United States District Judge