# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIR NEMATULLAH SADAT,<br><br>                    Plaintiff,<br>v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>                    Defendant. | Case No.: 18-cv-1357-AJB-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Presently before the Court is Defendant Education Credit Management Corporation's ("Defendant") motion to dismiss Plaintiff Mir Nematullah Sadat's ("Plaintiff") complaint. (Doc. No. 3.) Plaintiff did not file an opposition to Defendant's motion. For the reasons stated more fully below, the Court **GRANTS** Defendant's motions to dismiss.

## **BACKGROUND**

On June 20, 2018, Defendant removed Plaintiff's complaint from the Superior Court of the State of California to this Court based on federal question jurisdiction. (Doc. No. 1 at 1–2.) Plaintiff alleges a violation of the Fair Credit Reporting Act. (Doc. No. 1-2 at 3.)

Plaintiff's complaint is quite short. Plaintiff simply alleges that Defendant inaccurately reported derogatory information on Plaintiff's credit file with major credit

1

bureaus. (*Id.*) Plaintiff's complaint was removed to this Court on June 20, 2018. (Doc. No. 1.) On June 27, 2018, Defendant filed a motion to dismiss. (Doc. No. 3.) The Court set a briefing schedule. (Doc. No. 5.) On January 17, 2019, the Court then requested Plaintiff to file either an opposition or a statement of non-opposition within fourteen days. (Doc. No. 10.) As of the date of this Order, Plaintiff has failed to file an opposition or statement of non-opposition to Defendant's motion to dismiss.

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.,* 88 F.3d 780, 783 (9th Cir. 1996) (citations omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,* 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

/ / /

/ / /

/ / /

2

18-cv-1357-AJB-KSC

# DISCUSSION

A district court may grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where pro se plaintiff had time to respond to the motion but failed to do so). Civil Local Rule 7.1.f.3.c provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

Prior to dismissal on this basis, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Accordingly, the first factor is in favor of dismissal. Additionally, the second factor favors dismissal. As there is no risk to Defendant, the third factor also favors dismissal.

In regards to the fourth factor, public policy favors the disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Accordingly, this factor weighs against dismissal. However, the case cannot proceed toward resolution on the merits when Plaintiff fails to participate in the litigation by failing to defend his or her complaint against a motion to dismiss. Accordingly, this factor does not outweigh Plaintiff's failure to respond. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).

///
///
///
///

Finally, the Court must consider the availability of less drastic sanctions. Plaintiff was given ample time to respond to Defendant's motion to dismiss, which has been pending for approximately eight months. Plaintiff has failed to respond, or to request an extension of time in which to do so, despite the Court requesting Plaintiff file a response approximately a month ago. Thus, the Court finds that dismissal with prejudice is appropriate.

## **CONCLUSION**

Accordingly, the Court **DISMISSES** this case **WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: February 19, 2019

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge